The STATE of Ohio, Appellant,

v.

CONLEY, Appellee.

[Cite as *State v. Conley* (1991), 77 Ohio App.3d 453.]

Court of Appeals of Ohio,
Ross County.

No. 1734.

Decided Sept. 30, 1991.

*Christine B. Henthorne,* Assistant Prosecuting Attorney, for appellant.
*John B. Street,* for appellee.

STEPHENSON, Presiding Judge.

This is an appeal by the state of Ohio from a judgment entered by the Common Pleas Court of Ross County, granting a motion to dismiss on double jeopardy grounds filed by John H. Conley, defendant below and appellee herein, to an indictment charging him with an R.C. 2903.04 offense of involuntary manslaughter. Although appellant's brief does not set forth an assignment of error as required by App.R. 16(A)(2), it is clearly discernible from appellant's brief that error is being asserted in the dismissal of the offense charged in the indictment on double jeopardy grounds.

The following facts pertinent to this appeal appear in the record. On April 9, 1989 at approximately 6:00 p.m., appellee was traveling eastbound on Westfall Road in Ross County. At the intersection of State Route 207 and Westfall Road, appellant collided with a vehicle operated by Richard Merriman. A passenger in the Merriman vehicle was seriously injured and died at, or shortly after, the accident.

A complaint was filed in the Chillicothe Municipal Court by a deputy of the Ross County Sheriff's Department charging appellee with a violation of R.C. 4511.43(A), which proscribes the failure to yield the right-of-way. Appellant was summoned to appear April 21, 1989. On April 17, 1989, appellee waived trial, entered a written plea of guilty and paid a fine.

On June 14, 1989, appellee was indicted by the Ross County Grand Jury, the indictment reading, *inter alia,* as follows:

"That John H. Conley, on or about the 9th day of April, 1989, at the County of Ross aforesaid did cause the death of another as a proximate result of the said John H. Conley committing or attempting to commit a misdemeanor, in violation of Section 2903.04 of the Ohio Revised Code and against the peace and dignity of the State of Ohio."

On July 31, 1989, at the request of appellee, the state filed a bill of particulars reading as follows:

"The State of Ohio will prove on the trial of the above stated case the following matters:

"That John H. Conley, on or about the 9th day of April, 1989, between the hours of 5:00 and 7:00 P.M., at the intersection of State Route 207 and Westfall Road, Ross County, Ohio, did cause the death of another, to wit: Joanne Merriman, as a proximate result of the said John H. Conley committing or attempting to commit a misdemeanor, to wit: Failure to Yield the Right-of-Way, Ohio Revised Code Section 4511.23(A), and Reckless Operation, Ohio Revised Code Section 4511.20. Said alleged activity being in violation of Section 2903.04(B) of the Ohio Revised Code." [1]

On August 17, 1990, appellee filed a motion to dismiss on the basis of double jeopardy, citing as authority *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548. The state then filed an amended bill of particulars on September 10, 1990, reading as follows, which was followed by the state's memorandum on September 19, 1990:

---

1. Presumedly the averment of R.C. 4511.23(A) is a typing error since R.C. 4511.43(A) was the offense to which appellee entered a guilty plea and it was apparently intended to cite the latter section.

"The State of Ohio will prove on the trial of the above stated case the following matters:

"That John H. Conley, on or about the 9th day of April 1989, between the hours of 5:00 and 7:00 P.M., at the intersection of State Route 207 and Westfall Road, Ross County, Ohio, did cause the death of another, to wit: Joanne Merriman, as a proximate result of the said John H. Conley committing or attempting to commit a disdeameanor [*sic* ], to wit: Obeying Traffic Control Devices, Ohio Revised Code Section 4511.12; Reckless Operation, Ohio Revised Code Section 4511.20; and Operating a Motor Vehicle Without Reasonable Control, said alleged activity being in violation of Section 4511.202 of the Ohio Revised Code."

At a hearing held on September 17, 1990 on the dismissal motion, the court orally held (said holding was subsequently journalized by entry on October 11, 1990) that to prove the misdemeanor offenses set forth in the amended bill of particulars, the state would be required to utilize appellee's conduct, *i.e.,* failure to yield the right-of-way, for which appellee had been previously convicted and, therefore, the manslaughter offense was barred by double jeopardy under *Grady, supra.* The court then dismissed the indictment and this appeal followed.

The Fifth Amendment to the United States Constitution provides, *inter alia,* " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Section 10, Article I of the Ohio Constitution proclaims that " * * * [n]o person shall be twice put in jeopardy for the same offense." Moreover, even absent the enactment of Ohio's constitutional provision prohibiting the placement of any person in double jeopardy, the Double Jeopardy Clause of the United States Constitution would still be enforceable against the state through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 715. The United States Supreme Court has stated that the Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Footnotes omitted.) *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665. The present case involves the protection accorded by the clause against a second prosecution after conviction.

In determining whether the double jeopardy bar is applicable, historically the primary focus has been on whether the second prosecution is for the "same offense" involved in the first. In *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the defendant was charged with

several offenses stemming from the same course of conduct, all of which were prosecuted together. The court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

In *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, the *Blockburger* test was extended to apply to successive prosecutions. The defendant in *Brown* had pleaded guilty to a charge of joyriding, and was later indicted for auto theft, which was defined as "joyriding with the intent permanently to deprive the owner of possession." *Id.* at 167, 97 S.Ct. at 2226, 53 L.Ed.2d at 195. Applying the *Blockburger* test, the court held that because the offense of joyriding required no proof beyond that necessary to convict the defendant of auto theft, the prosecution for theft was barred by the prior joyriding conviction. The court emphasized that the test depended upon an analysis of the statutory elements of the offense, rather than the proofs actually offered at trial. *Id.* at 166, 97 S.Ct. at 2225, 53 L.Ed.2d at 194.

The Ohio Supreme Court in *State v. Wilkens* (1980), 64 Ohio St.2d 382, 384, 18 O.O.3d 528, 530, 415 N.E.2d 303, 306, enunciated the criteria which must exist for an offense to be a lesser included offense under R.C. 2945.74, by stating the following:

"An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

In *Illinois v. Vitale* (1980), 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, the defendant was charged with involuntary manslaughter. He had previously been convicted of failing to slow his car in order to avoid an accident, a charge arising from the same incident as the manslaughter charge. Thus, the question presented to the court was whether failure to slow was the "same offense" for double jeopardy purposes as involuntary manslaughter. The court determined that the record did not contain sufficient information under Illinois law to answer that question under the *Blockburger* test. *Id.* at 419, 100 S.Ct. at 2266, 65 L.Ed.2d at 237. The court continued that if manslaughter by automobile does not always entail proof of a failure to slow the automobile, then the two offenses are not the "same" under the *Blockburger* test. The mere possibility that the state will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution.

*Id.* at 419, 100 S.Ct. at 2266, 65 L.Ed.2d at 237. Therefore, the court remanded for additional information regarding the relationship between the two charges and the determination of whether a careless failure to slow the automobile is always a necessary element of manslaughter by automobile.

Had the opinion concluded at that point, the *Blockburger* element test would be controlling without resort to examination of actual proofs at trial. The court in *Vitale*, however, went on to examine another of its double jeopardy opinions, *Harris v. Oklahoma* (1977), 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054. In *Harris*, the court held that a felony murder conviction barred a subsequent robbery prosecution when robbery was the felony underlying the first prosecution. Although the traditional *Blockburger* test was not satisfied because each offense required proof of an element not required by the other, the court concluded that it had "treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense." *Vitale, supra,* 447 U.S. at 420, 100 S.Ct. at 2267, 65 L.Ed.2d at 238.

The court then stated the following in analyzing the two offenses:

"If in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* at 421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238.

■ On May 29, 1990, a sharply divided United States Supreme Court handed down *Grady, supra.* Essentially, the court modified the *Blockburger* test in cases involving successive prosecutions. In *Grady*, the issue presented was whether the subsequent prosecution of a defendant for homicide exposed the defendant to double jeopardy when the defendant was already convicted of driving while intoxicated and failing to keep to the right of the median. The court refashioned the double jeopardy analysis to be undertaken because of its concern that *Blockburger* did not appropriately give effect to the Double Jeopardy Clause's proscription against "a second prosecution for the same offense." *Grady, supra,* 495 U.S. at 516, 110 S.Ct. at 2090, 109 L.Ed.2d at 561. In this respect, the court applied a two-part test. First, offenses must satisfy the *Blockburger* test. *Id.* at 516, 110 S.Ct. at 2090, 109 L.Ed.2d at 561. If the offenses do not have identical statutory elements and one is not the lesser included offense of the other, thus satisfying *Blockburger*, then the next level of the analysis must be applied. *Id.* at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. At this newly added step, "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that consti-

tutes an offense for which the defendant has already been prosecuted." *Id.* Under this second level of analysis, and given the concession of the state that it was relying on conduct for which the defendant had been previously convicted, the court determined that the successive prosecution for homicide would require the government to prove the entirety of the conduct of driving while intoxicated and failing to keep to the right of the median for which the defendant was already convicted. Accordingly, the court held the subsequent prosecution was barred by the Double Jeopardy Clause.

■ Applying the *Blockburger* test, we conclude that test does not preclude prosecution by reason of double jeopardy. R.C. 4511.43(A) reads, *inter alia,* as follows:

"Except when directed to proceed by a law enforcement officer, every driver of a vehicle * * * approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersection roadway where the driver has a view of approaching traffic on the intersection roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."

R.C. 2903.04(B) reads as follows:

"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor."

Inasmuch as each statute requires proof of an additional fact which the other does not, *i.e.,* R.C. 2903.04(B) requires a misdemeanor violation proximately causing a death which is not required under R.C. 4511.43(A), and R.C. 4511.43(A) requires the driver of a vehicle to stop at a stop sign and yield the right-of-way which elements are not required under R.C. 2903.04(B), the second prosecution is not precluded under *Blockburger* by reason of double jeopardy.

■ We are next required by *Grady* to determine if the prosecution of the involuntary manslaughter requires proof of appellee's conduct for which he has already been convicted. The misdemeanor violations upon which the state now intends to rely read as follows:

R.C. 4511.20

"No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property."

R.C. 4511.202

"No person shall operate a motor vehicle * * * street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."

R.C. 4511.12

"No * * * driver of a vehicle * * * shall disobey the instructions of any traffic control device placed in accordance with this chapter * * *."

The issue then devolves into whether the state can prove the essential elements of the above-enumerated statutes without utilization of appellee's conduct in failing to stop and yielding the right-of-way for which he has been previously convicted.

At the motion hearing the following occurred:

"THE COURT: Well, we are presented with a situation in which failure to obey the traffic control device, reckless operation and failure to control the automobile are alleged as underlying misdemeanors to this Involuntary Manslaughter. Miss Henthorne, are you prepared to represent to the court the evidence that would support those misdemeanor allegations beyond that which we understand to have been discussed, that is, the encroachment of a * * * of an intersection without authority? Is there any * * * is there any other evidence underlying the allegations of reckless operation and failure to control?

"MRS. HENTHORNE: The underlying evidence for the reckless operation would be the * * * I believe that the evidence would show that he proceeded into the intersection without coming to a complete stop, that he did fail to yield the right of way. I think that there would also be evidence showing that he was moving at a * * * he may have been operating his vehicle at a high rate of speed. Those would be the under * * * [sic ].

"THE COURT: And those would also be * * * that would also be the evidence to support the failure to control?"

In Grady, supra at 521, 110 S.Ct. at 2093, 109 L.Ed.2d at 564, the court emphasized the following:

"Thus, a subsequent prosecution must do more than merely survive the Blockburger test. As we suggested in Vitale, the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." (Emphasis added and footnote omitted.)

Upon our analysis of the enumerated misdemeanors in the amended bill of particulars, and given the prosecution's statement as to how it would prove such offenses, we conclude that to prove each offense it will be necessary to prove appellee's conduct in which he failed to stop at a stop sign and yield the right-of-way for which conduct he was previously convicted in violation of R.C. 4511.43(A). In short, it is not perceivable how the misdemeanors can be otherwise proven without showing such conduct which is central to and intertwined with the elements that must be proven.

Accordingly, we overrule the claim of error and affirm the judgment.

*Judgment affirmed.*

GREY and PETER B. ABELE, JJ., concur.