Argued and submitted December 17, 1991, affirmed June 3, reconsideration denied September 23, petition for review denied October 27, 1992 (314 Or 574)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# JUAN HERRERA LAZARO,
## *Appellant.*

(90-1894; CA A68894)

832 P2d 1259

Robert E. Thomas, III, Molalla, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for felony driving while suspended or revoked (DWSR). ORS 811.175; ORS 811.182(3)(g). He argues that the trial court erred in denying his motion to dismiss the charges against him on federal double jeopardy grounds, because he had previously pled guilty to a driving infraction — driving uninsured, ORS 806.010 — that arose out of the same driving incident that gave rise to the DWSR charge. We affirm.

Defendant concedes that neither the Oregon former jeopardy statutes, ORS 131.505 to ORS 131.535, nor Article I, section 12, of the Oregon Constitution bar his prosecution. ORS 153.585(1); *State v. Kambra*, 93 Or App 156, 158, 761 P2d 539, *rev den* 307 Or 246 (1988). However, he argues that it is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as interpreted in *Grady v. Corbin*, 495 US 508, 110 S Ct 2084, 109 L Ed 2d 548 (1990).

According to defendant, the mere fact that the two crimes contain *one* common element — driving a motor vehicle on a highway or premises open to the public — means that prosecution for one offense precludes prosecution for the other offense. *Grady* stands for the proposition that successive prosecutions are barred *only if* the "entirety of the conduct" for which the accused has previously been convicted is relied on to establish an element of the offense in the subsequent prosecution. 495 US at 523. Because the state did not rely on defendant's act of driving uninsured to prove that he had been driving while suspended or revoked, a DWSR prosecution was not barred.

Affirmed.