THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGELIO ASTORGA, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. URBANO ASTORGA, Defendant-Appellant.

Second District    Nos. 2—92—0110, 2—92—0111 cons.

Opinion filed May 12, 1993.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, and Jesse V. Barrientes and Vincent C. Argento, both of Law Offices of Vincent C. Argento, of Elgin, for appellants.

David R. Akemann, State's Attorney, of Geneva, and Raymond L. Beck, of Chicago (William L. Browers, John X. Breslin, and Marshall M. Stevens, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendants, Rogelio Astorga and Urbano Astorga, appeal their convictions of unlawful possession of a controlled substance with the intent to deliver (more than 15 but less than 100 grams of a substance containing cocaine) (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)), unlawful possession of more than 500 grams of cannabis with the intent

to deliver (Ill. Rev. Stat. 1991, ch. 56½, par. 705(e)), and unlawful possession of a controlled substance without a tax stamp (Ill. Rev. Stat. 1991, ch. 120, par. 2160). Defendants' causes were joined in a bench trial. The court sentenced each defendant to concurrent terms of imprisonment of six years, three years and one year, respectively. On defendants' motions, we consolidated the appeals. Defendants raise two issues for review: (1) whether their prosecutions were barred by double jeopardy principles; and (2) whether their prosecutions violated the compulsory joinder statute.

On March 29, 1991, the Aurora police executed a search warrant at defendants' home. The police recovered an electronic scale, over $5,000 in currency, a pager, a pistol, 25 grams of cocaine, and 2,950 grams of cannabis. Defendants were charged by complaint with the offenses listed above and the offenses of unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)), and unlawful possession of more than 500 grams of cannabis (Ill. Rev. Stat. 1991, ch. 56½, par. 704(e)) (hereinafter referred to collectively as the drug offenses). Subsequently, the State discovered that the electronic scale was stolen property. On April 8, the State charged defendants with the offense of possession of stolen property (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(4)) (cause Nos. 91—CF—540, 91—CF—541). The following day, a grand jury indicted defendants for the drug offenses. Defendants pleaded guilty to possession of stolen property and then moved to dismiss the indictments. Defendants argued that prosecution of the drug charges was barred by section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 3—3) and under double jeopardy principles. The court denied the motions and the causes proceeded to a bench trial.

As part of its case, the State introduced the scale into evidence and questioned a police officer about it. The State also presented evidence that a bag containing cocaine with a spoon in it was on top of the scale. The scale was plugged in and turned on when the police executed the search warrant. The State's expert witness testified that an electronic scale is useful for selling cocaine because of the scale's accuracy. The expert further opined that a 25-gram bag of cocaine with a spoon in it on top of a scale indicates that the cocaine is being divided up for distribution. In closing argument, the prosecutor asserted that the scale, along with the gun, the pager and two cellular telephones also seized from the apartment, showed intent to deliver controlled substances. Although the court found defendants guilty of all charges, the judge specifically stated that he did not consider the

defendants' guilty pleas to the possession of stolen property offense or the scale as proof of possession with intent to deliver.

Prior to sentencing, defendants raised the issues again in a posttrial motion, which the court denied. Defendants timely appealed.

Defendants first contend that prosecution of the drug offenses violates their rights under the double jeopardy provisions of the Illinois Constitution (Ill. Const. 1970, art. I, §10) and the United States Constitution (U.S. Const., amend. V). "[T]he double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." (*People v. 1988 Mercury Cougar* (1992), 154 Ill. 2d 27, 35.) The *Blockburger* test (*Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180) is the threshold inquiry in a double jeopardy analysis for successive prosecutions. (*Grady v. Corbin* (1990), 495 U.S. 508, 516, 521, 109 L. Ed. 2d 548, 561, 564, 110 S. Ct. 2084, 2090, 2093; *People v. Stefan* (1992), 146 Ill. 2d 324, 336.) The *Blockburger* test entails a comparison of the statutory elements of the offenses. If the offenses have identical statutory elements or one offense is a lesser-included offense of the other, thus not requiring proof of a fact that the other does not, the second prosecution is barred. *Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.

■ The offenses of possession of stolen property and the drug offenses clearly do not have the same statutory elements, nor is one a lesser included offense of another. (Compare Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(4) with Ill. Rev. Stat. 1991, ch. 56½, par. 1401; Ill. Rev. Stat. 1991, ch. 56½, par. 705; Ill. Rev. Stat. 1991, ch. 120, par. 2160.) Thus, the *Blockburger* test is satisfied.

The question then is whether the State was required to prove the same conduct in both prosecutions. (*Grady*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) This "same conduct" determination is distinct from a "same evidence" or "actual evidence" test, which the Supreme Court has rejected. (495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) The Supreme Court revisited this issue in *United States v. Felix* (1992), 503 U.S. 378, 118 L. Ed. 2d 25, 112 S. Ct. 1377, where the Court noted that *Grady* is not to be read expansively. In considering the scope of *Grady*, the Court explained:

> "Although the traffic offenses involved in *Grady* were not technically lesser included offenses of the homicide and assault charges, we analogized the case to the situation we had previously confronted in *Illinois v. Vitale*, 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980). There, the State sought to pros-

ecute the defendant for involuntary manslaughter after a car accident. We stated, in dicta, that if the State found it necessary to rely on a previous failure to reduce speed conviction to sustain the manslaughter charge, the Double Jeopardy Clause might protect the defendant. [Citation.] Despite the fact that neither offense was technically a lesser included offense of the other, we observed that, in such a circumstance, the failure to slow offense might be viewed as a 'species of lesser-included offense.' [Citation.] In [*Grady*,] \*\*\* we simply adopted the suggestion we had previously made in dicta in *Vitale*." (*Felix*, 503 U.S. at 389, 118 L. Ed. 2d at 35-36, 112 S. Ct. at 1384.)

The United States Court of Appeals for the Second Circuit interpreted the phrase "species of lesser-included offense" as "an offense that is a permissible but not a necessary predicate of a greater offense," which applies in "situations where the prosecution seeks to prove a greater offense by some conduct that formed the entirety of a lesser offense previously prosecuted." *Sharpton v. Turner* (2d Cir. 1992), 964 F.2d 1284, 1288-89.

However, "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." (*Felix*, 503 U.S. at 387, 118 L. Ed. 2d at 34, 112 S. Ct. at 1383.) The United States Court of Appeals for the Eighth Circuit illustrated this concept in *McIntyre v. Trickey* (8th Cir. 1992), 975 F.2d 437, where the defendant had been convicted of tampering based on the unauthorized use of an automobile, and the government sought to prosecute him for stealing the same automobile. In concluding that the defendant's double jeopardy rights were violated, the court explained:

"[T]he government relied on conduct for which McIntyre had already been convicted to sustain the later charge. [Citation.] Although it is not necessary to rely on a thief's unauthorized operation of a car to prove that he stole the car, in this case the government relied on that conduct (which constituted the entirety of the tampering case) to prove that McIntyre stole the car. Thus, the tampering conviction was a 'species of lesser included offense.'

The final issue raised by *Felix* is whether the government actually *prosecuted* McIntyre in his first trial for the activities that were later used to prove the stealing charge. \*\*\*

\*\*\* The government, to establish essential elements of the stealing charge, proved conduct—operating an automobile without the owner's consent—for which McIntyre had actually been

prosecuted. [Citation.] Unlike *Felix*, the government here did not introduce conduct pertaining to a separate crime at the first trial simply to help prove an element of the crime charged; rather, the conduct the government proved constituted the entirety of the crime prosecuted at the first trial. Moreover, the same conduct was proved to establish nearly the entirety of the offense charged in the second prosecution." (Emphasis in original.) (*McIntyre*, 975 F.2d at 443.)

For double jeopardy to bar a subsequent prosecution, the State must rely on the entirety of the conduct already prosecuted to establish an essential element of the offense in the second prosecution. (*State v. Lazaro* (1992), 113 Or. App. 330, 332, 832 P.2d 1259, 1260; see also *Quinton v. Superior Court* (1991), 168 Ariz. 545, 551, 815 P.2d 914, 920; *State v. Conley* (1991), 77 Ohio App. 3d 453, 461, 602 N.E.2d 725, 730; *Ex Parte Ramos* (Tex. Cr. App. 1991), 806 S.W.2d 845, 847; *State v. Laviollette* (1992), 118 Wash. 2d 670, 679, 826 P.2d 684, 689.) Thus, the determination requires a fact-based analysis.

Defendants argue that the conduct at issue in the first prosecution was the act of possession of the scale and that the same conduct was used in the second trial to prove the intent element of the drug offenses. According to defendants, the facts here are analogous to those in *United States v. Dixon* (D.C. App. 1991), 598 A.2d 724. The defendant Dixon was released on bond in a murder case. A condition of his release was that he refrain from committing any criminal offense. Dixon was arrested and indicted for possession of cocaine. Prior to trial on that charge, Dixon was found in contempt of court for violating the conditions of his pretrial release by committing the offense of possession of cocaine. Dixon then moved to dismiss the cocaine indictment on the basis of double jeopardy. The reviewing court found that the cocaine prosecution would have violated double jeopardy because the conduct which underlay the contempt prosecution consisted of the exact conduct for which the government sought to prosecute Dixon. (*Dixon*, 598 A.2d at 731.) Such is not the case here.

The conduct at issue in the first prosecution was the possession of stolen property. The essence of that offense was not that defendants possessed a scale, but that they possessed something which they knew was stolen. The conduct the State sought to prove in the second prosecution was possession of controlled substances with the intent to deliver. The scale was relevant to the element of intent, but the fact that the scale was stolen was incidental and irrelevant to the drug offenses. Thus, the conduct involved was not the same, as was the situ-

ation in *Dixon*. Therefore, the possession of stolen property was not a "species of lesser-included offense" of the drug offenses.

The State did prove the entirety of the possession of stolen property offense in the second prosecution. In *Laviollette*, the State of Washington argued that it could have relied on other evidence to establish the criminal intent for burglary. The supreme court of Washington found, however, that the trial court relied on the prior theft conviction to establish that element of the second prosecution, which violated double jeopardy. (*Laviollette*, 118 Wash. 2d at 679, 829 P.2d at 689.) If the trial court here had relied on the evidence that the scale was stolen, the State would have put defendants twice in jeopardy for the possession of stolen property. However, the trial court stated that it did not consider or rely on the evidence of the scale or the prior conviction.

In addition, the State did not prosecute defendants for possessing the scale; rather, it used the evidence of the scale as proof of an essential element of the drug offenses, the intent to deliver. Evidence that the scale was stolen was not necessary for the State to prove that defendants had the intent to distribute controlled substances. (See *Cotton v. State* (Tex. App. 1992), 836 S.W.2d 757, 760.) Moreover, the scale was not the only evidence of the intent to deliver. The testimony of Tim Hines that he went to defendants' house to purchase drugs, the presence of cellular telephones, a beeper, large amounts of cash stashed throughout the home, and the large quantity of drugs also supported that element of the offense. Thus, the evidence of the possession of the scale was a "mere overlap of proof." (See *Prince v. Lockhart* (8th Cir. 1992), 971 F.2d 118, 123.) The drug prosecution was not dependent on the same conduct as the earlier prosecution for possession of the stolen scale. We conclude that double jeopardy did not bar the second prosecution.

The State did not need to introduce any evidence regarding the origin of the scale. That the State did so jeopardized its prosecution. We caution the State, in the future, to choose its evidence carefully to avoid double jeopardy violations.

Defendants next contend that the second prosecution was barred because the drug offenses should have been joined with the theft offense. (See Ill. Rev. Stat. 1991, ch. 38, par. 3—4(b)(1).) Section 3—3 of the Criminal Code provides in relevant part:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, *** if they are based on the same act." (Ill. Rev. Stat. 1991, ch. 38, pars. 3—3(a), (b).)

Under section 3—4(b), the prosecution of a different offense is barred if the offense was one for which the defendant could have been convicted in the former prosecution, was based on the same conduct, or should have been charged under section 3—3. Ill. Rev. Stat. 1991, ch. 38, par. 3—4(b)(1).

■ We find defendants' cited authority, *People v. Hiatt* (1992), 229 Ill. App. 3d 1094, distinguishable. In *Hiatt*, the police seized photographs and videotapes from the defendant's home. The defendant was charged with the offense of child pornography based on a videotape depicting one child. Subsequently, the defendant was charged with 20 counts of child pornography based on photos of different children. The defendant argued that the subsequent prosecution was barred by section 3—3. The appellate court agreed, finding that the possession of the videotape and the photographs constituted a single act of possession. (*Hiatt*, 229 Ill. App. 3d at 1097.) The distinguishing feature in *Hiatt* is that all of the materials were contraband. Here, the controlled substances were contraband, but the scale was not. There was no single act of possession because the possession of the scale was not criminal except in that it was stolen property. We note that the prosecutor was not aware that the scale was stolen when defendants were charged initially by complaint with the drug offenses.

*Hiatt* also is distinguishable because the offenses there were the same, unlike this case. As our supreme court has stated:

"There is no requirement of joinder where multiple offenses arise from a series of related acts. [Citations.] 'Section 3—3 is not intended to cover the situation in which several offenses *** arise from a series of acts which are closely related with respect to the offender's single purpose or plan.' (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 202 (Smith-Hurd 1972).) Indeed, the drafters considered and rejected an earlier version of section 3—3(b) which would have required a single prosecution when multiple offenses arose from the same 'conduct.' " (*People v. Mueller* (1985), 109 Ill. 2d 378, 385-86.)

As noted above, the possession of stolen property and the possession of controlled substances with the intent to deliver are not the same conduct and are not lesser-included offenses. The possession of these

items constituted two separate, although related, acts. Thus, the statutory compulsory joinder provisions do not apply. We conclude that the court did not err in finding that the second prosecution was not barred.

The judgment of the circuit court is affirmed.

Affirmed.

GEIGER and DOYLE, JJ., concur.