THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CAROLINA MAURICIO, Defendant-Appellee.

Second District   No. 2—91—1044

Opinion filed September 2, 1993.

David R. Akemann, State's Attorney, of Geneva (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, and Vincent C. Argento and Jesse V. Barrientes, both of Law Offices of Vincent C. Argento, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

This appeal concerns whether double jeopardy arises in the prosecution of a defendant for driving while under the influence of alcohol, after that defendant had admitted in a juvenile proceeding to the unlawful consumption of liquor by a minor. We reverse and remand.

Defendant, Carolina Mauricio, a minor, was arrested on November 18, 1990. The State charged her with the following traffic offenses: driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(1), (a)(2) (now codified, as amended, at 625 ILCS 5/11—501(a)(1), (a)(2) (West 1992))), driving without a valid driver's license (Ill. Rev. Stat. 1989, ch. 95½, par. 6—101(b) (now 625 ILCS 5/6—101(b) (West 1992))), and improper lane usage (Ill. Rev. Stat. 1989, ch. 95½, par. 11—709 (now 625 ILCS 5/11—709 (West 1992))).

The State also charged defendant with the following nontraffic offenses: aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(6) (now codified, as amended, at 720 ILCS 5/12—4(b)(6) (West 1992))), resisting a peace officer (Ill. Rev. Stat. 1989, ch. 38, par. 31—1 (now 720 ILCS 5/31—1 (West 1992))), violation of curfew (Ill. Rev. Stat. 1989, ch. 23, par. 2371(a) (now 720 ILCS 555/1(a) (West 1992))), and consumption of alcohol by a minor (Ill. Rev. Stat. 1989, ch. 43, par. 134a (now 235 ILCS 5/6—20 (West 1992))).

Defendant successfully petitioned to transfer the nontraffic charges to juvenile court. In juvenile court defendant admitted to resisting a peace officer and consumption of alcohol by a minor. In exchange, the State dropped the aggravated battery and violation of curfew charges. The juvenile court continued the cause under supervision. After defendant successfully completed her term of supervision, the juvenile court dismissed the State's petition.

Defendant filed two motions to dismiss the traffic charges that had remained in the criminal court. In the first motion, she alleged that the mandatory joinder provisions of sections 3—3 and 3—4(b)(1) of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1989, ch. 38, pars. 3—3, 3—4(b)(1) (now 720 ILCS 5/3—3, 3—4(b)(1) (West 1992))) required the State to have joined those charges with the

nontraffic charges that were the subject of the juvenile court petition. The trial court denied that motion to dismiss.

In the second motion to dismiss, defendant argued that double jeopardy barred the prosecution of the DUI charge because defendant had already admitted in juvenile court to the charge of consumption of alcohol by a minor. The trial court, relying on *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, granted defendant's second motion to dismiss. In a letter accompanying the order granting the motion, the trial court reasoned that, in order to establish an essential element of DUI, the State would need to prove the same conduct that gave rise to the charge of the unlawful consumption of liquor by a minor. Because defendant had already been put in jeopardy for the consumption of alcohol by a minor, the double jeopardy clause barred the DUI prosecution. The State timely appealed.

On appeal, the State first argues that defendant was not put in jeopardy during the juvenile proceeding because the juvenile court dismissed the State's petition alleging the unlawful consumption of liquor by a minor before it entered any order equivalent to an adjudication of defendant's guilt or innocence. The State further argues that, even if jeopardy attached to the juvenile proceeding, the trial court erred in determining that the prosecution of a defendant for DUI, after that defendant had already been put in jeopardy for the unlawful consumption of alcohol by a minor, constituted double jeopardy.

We first address the State's second argument. The fifth amendment provides, in part, that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) The double jeopardy clause protects a defendant from: (1) a second prosecution after acquittal; (2) a second prosecution after conviction; and (3) multiple punishments for the same offense. *People v. Stefan* (1992), 146 Ill. 2d 324, 333.

The Supreme Court has long held that the State cannot prosecute a defendant in successive prosecutions for the same criminal act under different statutes unless each statute "requires proof of an additional fact which the other does not." (*Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182.) The *Blockburger* test focuses on the statutory elements of each offense. (*People v. Hoskinson* (1990), 201. Ill. App. 3d 411, 412.) *Blockburger* prohibits a second prosecution for the same criminal act if one offense has identical statutory elements or is a lesser-included offense of the other. (*People v. Astorga* (1993), 245 Ill.

App. 3d 124, 127.) For example, the State was precluded from prosecuting a defendant for auto theft after the State had already prosecuted that defendant for joyriding, where joyriding was a lesser-included offense of auto theft. *Brown v. Ohio* (1977), 432 U.S. 161, 166-67, 53 L. Ed. 2d 187, 195, 97 S. Ct. 2221, 2226.

In *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912, defendant was convicted of felony murder for participating in an armed robbery in which the victim was killed. In a *per curiam* opinion, the Court held that a subsequent prosecution of defendant for the same armed robbery would constitute double jeopardy. (*Harris*, 433 U.S. at 682, 53 L. Ed. 2d at 1056, 97 S. Ct. at 2913.) Although robbery was not necessarily an element of felony murder because "other felonies could underlie a felony-murder prosecution," robbery was a "species of lesser-included offense" of felony murder. *Illinois v. Vitale* (1980), 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267, interpreting *Harris*, 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912.

In *Grady v. Corbin* (1990), 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084, the Court determined that " '[t]he *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense.' " (*Grady*, 495 U.S. at 519, 109 L. Ed. 2d at 563, 110 S. Ct. at 2092, quoting *Brown v. Ohio* (1977), 432 U.S. 161, 166-67 n.6, 53 L. Ed. 2d 187, 195 n.6, 97 S. Ct. 2221, 2226 n.6.) According to the Court, "a technical comparison of the elements of the two offenses as required by *Blockburger* does not protect defendants sufficiently from the burdens of multiple trials." (*Grady*, 495 U.S. at 520, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) "[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." (Emphasis added.) *Grady*, 495 U.S. at 521, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.

In *Grady*, defendant was the driver of a car that was involved in a fatal accident. On the night of the accident, defendant was served with two traffic citations charging him with DUI and failing to keep to the right of the median. The assistant District Attorney who represented the State during these proceedings was unaware that the accident had resulted in a fatality. Defendant pleaded guilty to those charges, and the trial court sentenced him to a fine. Subsequently, defendant was indicted on various homicide and assault charges arising from the same accident. The State alleged, in

part, that defendant had caused the victim's death because he was driving while intoxicated and because he failed to keep to the right of the median. (*Grady*, 495 U.S. at 511-14, 109 L. Ed. 2d at 557-59, 110 S. Ct. at 2087-89.) The Court determined that the double jeopardy clause barred the homicide and assault prosecutions because, in order to prove up those charges, the State intended to prove the entirety of the conduct for which defendant had already been convicted when defendant was convicted of DUI and failing to keep to the right of the median. *Grady*, 495 U.S. at 523, 109 L. Ed. 2d at 565-66, 110 S. Ct. at 2094.

Since the trial court entered its order dismissing the cause, however, the Supreme Court has decided *United States v. Dixon* (1993), 509 U.S. ___, 125 L. Ed. 2d 556, 113 S. Ct. 2849. Unfortunately for defendant, *Dixon* overruled *Grady* and held that the *Blockburger* test, as interpreted by *Harris*, *Brown*, and *Vitale*, governs what constitutes the same offense for double jeopardy purposes. (*Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 572-73, 113 S. Ct. at 2859-60.) Under *Dixon*, the sole guide to evaluating whether offenses are the same for the purposes of double jeopardy is the statutory definition of each offense. *Dixon* eliminates any inquiry into the conduct giving rise to the offenses.

*Dixon* was a consolidated case involving two defendants who had first been convicted of criminal contempt for actions which in themselves constituted criminal acts. The State then attempted to prosecute both defendants for the underlying criminal conduct. Defendant Dixon was convicted of violating a court order prohibiting him from committing "any criminal offense." The offense that Dixon committed was the possession of cocaine with the intent to distribute. A plurality of the Court held that the subsequent prosecution of Dixon for the actual cocaine offense constituted double jeopardy under *Blockburger* because, like the robbery offense in *Harris*, "Dixon's drug offense did not include any element not contained in his previous contempt offense." *Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 570, 113 S. Ct. at 2858.

Defendant Foster was subject to a civil protection order (CPO) which prohibited him from assaulting or in any manner threatening his estranged wife. In order to prove that defendant was in contempt for violating this CPO, the prosecution was required to prove (1) that he willfully violated the CPO and (2) that he assaulted or threatened his wife. (*Dixon*, 509 U.S. at ___, 125 L. Ed. 2d at 565-66, 113 S. Ct. at 2854.) In the first prosecution, defendant was found guilty of violating the CPO by physically assaulting his wife;

he was acquitted in this prosecution of violating the CPO by threatening his wife. A plurality of the Court concluded that Foster's subsequent prosecution for assault, based on the same assault that was the subject of his contempt conviction, constituted double jeopardy under *Blockburger*. *Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 570, 113 S. Ct. at 2858.

The Court determined, however, that a subsequent prosecution for the assault of his wife with the intent to kill did not constitute double jeopardy under *Blockburger*, nor did a subsequent prosecution for threatening to kidnap or injure her, even though those charges were based on the same acts of assault for which defendant had previously been put in jeopardy in the contempt proceeding. Each offense in the original and subsequent prosecution required a separate element. (*Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 572, 113 S. Ct. at 2859.) Assault with intent to kill required intent, which violation of the CPO did not. At the same time, violation of the CPO required the existence and willful violation of a CPO, which assault with intent to kill did not. Similarly, threatening to kidnap or injure any person required a specific type of threat, while violation of the CPO required only "any type of threat." At the same time, threatening to kidnap or injure his wife did not require a willful violation of the CPO. *Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 571, 113 S. Ct. at 2858-59.

The Court conceded that the subsequent prosecutions for assault with intent to kill and threatening to kidnap or injure defendant's wife would constitute double jeopardy under *Grady* because they would require proof of the same conduct as the contempt prosecution required. (*Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 572-73, 113 S. Ct. at 2859-60.) The Court concluded, however, that *Grady* was a "continuing source of confusion" and that adhering to the *Grady* analysis would "only add chaos to [its] double jeopardy jurisprudence." (*Dixon*, 509 U.S. at ____, 125 L. Ed. 2d at 577-78, 113 S. Ct. at 2863-64.) *Blockburger* would provide the only analysis.

■ Based on the foregoing analysis, we conclude that, under *Dixon*, the prosecution of defendant for DUI after her earlier admission to the unlawful consumption of liquor by a minor would not constitute double jeopardy. Although both offenses require the consumption of alcohol, each offense requires an element that the other does not. DUI requires the consumption of alcohol to the point of intoxication and the driving of a car, which the unlawful consumption of liquor by a minor does not. The unlawful consumption of liquor by a minor requires that defendant be a minor, which DUI

does not. Therefore, DUI and the unlawful consumption of liquor by a minor are not the same offense for purposes of determining double jeopardy.

Because we have concluded that the unlawful consumption of liquor by a minor and DUI are not the same offense for the purposes of double jeopardy, we need not determine whether defendant was put in jeopardy by the juvenile proceeding.

It appears that the trial court dismissed the driving without a license and improper lane usage charges along with the DUI charge, although the trial court only discussed the DUI charge and although defendant did not argue for the dismissal of the driving without a license and improper lane usage charges. It is not clear whether the trial court dismissed those charges inadvertently. Nonetheless, we conclude that the principles of double jeopardy do not bar the prosecution for driving without a license or improper lane usage. Neither of those charges shares any elements with any offenses for which defendant has arguably already been put in jeopardy.

■ Because we can affirm the trial court on any basis in the record, even if the trial court's reasoning was faulty (*People v. Thompkins* (1988), 121 Ill. 2d 401, 428), we next address whether the mandatory joinder provisions of sections 3—3 and 3—4(b)(1) of the Criminal Code require that the State's case be dismissed. (Ill. Rev. Stat. 1989, ch. 38, pars. 3—3, 3—4(b)(1) (now 720 ILCS 5/3—3, 3—4(b)(1) (West 1992)).) Section 3—3 provides as follows:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." (Ill. Rev. Stat. 1989, ch. 38, par. 3—3 (now 720 ILCS 5/3—3 (West 1992)).)

Section 3—4(b)(1) provides that a prosecution is barred if the charge should have been brought in a former prosecution under section 3—3. Ill. Rev. Stat. 1989, ch. 38, par. 3—4(b)(1) (now 720 ILCS 5/3—4(b)(1) (West 1992)).

The statutory language of section 3—3 would seem to require the State to have brought all of the charges against defendant in one proceeding. However, our courts have held that sections 3—3 and 3—4(b)(1) do not apply to offenses that have been charged in a uniform traffic citation, as were the offenses at issue here. (*People v. Jackson* (1987), 118 Ill. 2d 179, 192, *overruled on other grounds by People v. Stefan* (1992), 146 Ill. 2d 324, 336-37; *People v. Hoskinson* (1990), 201 Ill. App. 3d 411, 414; *People v. Helt* (1988), 175 Ill. App. 3d 332, 334-35.) *People v. Crowe* (1992), 232 Ill. App. 3d 955, explained the rationale for this rule:

> "The *Jackson* court noted that section 3—3 of the Code had been enacted prior to the establishment in this State of a unified court system with the circuit court as the sole court of original jurisdiction in each county. The court further explained that section 3—3 of the Code refers to prosecutions in the same court and the General Assembly, at time of enactment, would not have envisioned a citation where informal traffic complaints would be filed in a court having felony jurisdiction." *Crowe*, 232 Ill. App. 3d at 960, citing *Jackson*, 118 Ill. 2d at 193.

Therefore, the trial court correctly decided that the compulsory joinder provisions of sections 3—3 and 3—4(b)(1) do not require that the charges of DUI, improper lane usage, or driving without a license be dismissed.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.